## ANDREW J. WRIGHT ET AL.

### v.

## THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

1. ACTIONS—CASE.—Actions on the case are founded on the common law or upon the acts of Parliament, and generally lie to recover damages for torts not committed with force, actual or implied.

2. TORTS.—To constitute a tort, two things must concur, viz: actual or legal damage to the plaintiff, and a wrongful act committed by the defendant.

3. LEGISLATIVE GRANT OF MUNICIPAL POWERS—ORDINANCES.—The legislature has authority to delegate to municipal corporations, like Chicago, the power to pass ordinances; and such ordinances, enacted by the municipality, when within the legislative authority, have the force of laws passed by the legislature of the State.

4. CONSTRUCTION OF ORDINANCES.—Where an ordinance which in the first clause enacts that it shall be unlawful for any person, persons or corporations, etc., etc., contains a second clause, connected with the first, by a copulative conjunction, the second clause will be construed as applying to and binding upon the same class of persons mentioned in the first clause, there being nothing to show a contrary intention.

5. ORDINANCE, AS GROUND FOR CIVIL ACTION.—Plaintiffs in error brought suit for the destruction of their property by fire, alleging, among other things, that the loss of property was the immediate consequence of the unlawful keeping and storing by the defendants of large quantities of kerosene and other oils, contrary to an ordinance of the city of Chicago, prohibiting the storing of such oils. There was a count in plaintiffs' declaration, setting out, with proper averments, the ordinance in question. *Held*, that a demurrer to the count was improperly sustained; that the averments were sufficient to show an unlawful storing of such articles, and the count stating with reasonable certainty that plaintiffs sustained actual damage as the proximate result of such wrongful act, there was a good statement of a cause of action .

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion on rehearing filed Nov. 8, 1880.

This was an action on the case by plaintiffs in error against defendants in error, to recover damages sustained by plaintiffs in the loss by burning, October 9, 1871, of their building, and certain specified goods and chattels being in it at the time, situate upon the southeast corner of Kinzie and North Clark

streets, in the city of Chicago, occasioned, as it is alleged, by the defendant before and at the time having and keeping divers large quantities of dangerous and inflammable liquids upon its premises, situate near to those of plaintiffs.

The declaration contained thirteen counts, to seven of which, amongst them the tenth, the court below sustained a demurrer. The tenth count is based upon an ordinance of the city of Chicago, within which the accident occurred, then and long previously in force; and after the proper inducement showing the relative situation of the premises of plaintiffs and defendants, and describing the personal property, the count avers the existence of such ordinance, and incorporates it by reference to another count, into which it is copied as follows:

" It shall be unlawful for any person or persons or corporation to store or keep for sale, within the corporate limits of the city of Chicago, any crude petroleum, gasoline, naphtha, benzine, camphe: e, spirit gas, burning fluid, or spirits of turpentine, exceeding a quantity of five barrels of forty-five gallons each; and it shall be unlawful to keep for sale or on storage, any refined carbon oil, kerosene or other products—for illuminating purposes—of coal, rock or earth oils, excepting such refined oil as will stand a fire-test of one hundred degrees of Fahrenheit, according to the method and direction of John Tagliabue; and it shall be unlawful to keep any quantity of said articles, exceeding one barrel of forty-five gallons, in any part of a building, excepting a cellar, the floor of which shall be five feet below the grade of the adjacent streets; and no crude petroleum, gasoline, naphtha, benzine, carbon oil, camphene, spirit gas, burning fluid, or spirits of turpentine, shall be kept or stand in front of any building, or any street, alley or wharf lot or sidewalk, for a longer time than is sufficient to receive in store or in delivering the same: *Provided*, such time shall not exceed six hours."

The count then proceeds as follows:

" Yet the defendant, not regarding its duty in that behalf, nor the said ordinance, did, on, to wit: the seventh day of October, 1871, have, and store, in its said building, large quantities of divers inflammable and dangerous liquids, to wit:

ten barrels (each containing forty-five gallons) of each of the following liquids, to wit: crude petroleum, gasoline, naphtha, benzine; and also of each of the following liquids, to wit: refined carbon oil, kerosene, gasoline, naphtha and benzine, products—for illuminating purposes—of coal, rock or earth oils, which could not stand a fire test of one hundred Fahrenheit, according to the method and directions of John Tagliabue, and from and after the said seventh day of October, 1871, up to and till the time of their destruction by fire, as hereinafter mentioned, continued to have the said liquids in its said building, and there to keep the same on storage, the place in the said building where the said liquids were kept not being a cellar the floor of which was five feet below the grade of the adjacent streets. And plaintiffs aver that afterward, to-wit: on the ninth day of October, 1871, while the defendant did so have the liquids in its said building, and did so keep the same on storage, its said building and the liquids therein took fire, and the flames therefrom spread so rapidly, on account of the very inflammable nature of the said liquids, to the said building and chattels of the plaintiff that the same were wholly destroyed, and lost to the plaintiffs. And the plaintiffs further aver that but for the extra rapidity with which the flames spread from the defendant's to the plaintiffs' building, on account of the said inflammable materials, the building, and the goods and chattels of the plaintiffs would not have been destroyed and lost to them. And the plaintiffs further aver that by reason, and on account of the said unlawful acts of the defendant in so having the inflammable liquids in its building, and in so keeping the same therein on storage, said buildings and chattels of the plaintiffs were then and there wholly destroyed and lost to the plaintiffs, to their damage," etc.

There was a trial upon the remaining five counts under the general issue thereto, and plaintiff's evidence showed that their building and its contents were in fact burned at the time of the great fire in Chicago, October 9, 1871, which swept over the locality where the premises of both plaintiffs and defendant were situate; but the plaintiffs' case was presented on the theory that they could and would have saved a large

portion of their horses, carriages, harness, etc., belonging to their livery business, and at the time in said building but for a sudden explosion which occurred on defendant's premises by reason of dangerous and explosive substances being negligently or unlawfully kept therein. But when plaintiffs' evidence was closed, the court, at the instance of defendant, peremptorily instructed the jury to find for the defendant, which was accordingly done; and judgment having passed upon the verdict, the plaintiffs bring the case to this court on error.

Mr. B. C. COOK and Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for defendant in error; upon application for a rehearing, that it was competent for the court after the close of plaintiff's testimony to decide that there was no evidence upon which the jury could properly find a verdict for the plaintiff, and to direct a verdict for the defendant, cited Improvement Co. v. Munson, 14 Wall. 448; Pleasants v. Fant, 22 Wall. 120; Parks v. Ross, 11 How. 362; Bowditch v. City of Boston, 10 Reporter No. 7; Ryden v. Wombell, 4 Exch. 32; Giblin v. McMillin, 2 P. C. App. 355; Jewell v. Parr, 13 C. B. 916; Toomey v. L. B. R'y Co. 3 C. B. 146; Phillips v. Dickinson, 85 Ill. 11; Poleman v. Johnson, 84 Ill. 270.

The distinction between keeping in store, and for other purposes, is uniformly recognized by the courts: Ins. Co. v. Langdon, 6 Wend. 628; O'Neil v. B. F. Ins. Co. 3 Comstock, 127; Hynes v. Ins. Co. 17 Barb. 119.

In this case the defendant becomes a warehouseman: P. C. & St. L. R. R. Co. v. Hollowell, Am. Law Reg. Feb. 1880; Rothschild v. M. C. R. R. Co. 69 Ill. 164; Mer. D. T. Co. v. Hallock, 64 Ill. 284; Ill. Cent. R. R. Co. v. Friend, 64 Ill. 303.

A recovery cannot be had at common law, because that which the law authorizes cannot be a nuisance so as to give a common law right of action: Trans. Co. v. Chicago, 98 U. S. 635.

The allegations and proof must agree: Lloyd v. Karnes, 45 Ill. 62; Moss v. Johnson, 22 Ill. 633; Sherman v. Blackman, 24 Ill. 35( ; Cast v. Roff, 26 Ill. 452; Heath v. Hall, 60 Ill. 344; House v. Davis, 60 Ill. 367; Camp Point Mfg. Co. v. Ballou, 71

Ill. 417; T. W.. & W. R'y Co. v. Morgan, 72 Ill. 155; T. W. & W. R'y Co. v Jones, 76 Ill. 311; Beggs v. T. W. & W. R'y Co. 85 Ill. 80; T. W.. & W. R'y Co. v. Foss, 88 Ill. 511; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119; C. & A. R. R. Co. v. Howard, 38 Ill. 414; Quincy Coal Co. v. Hood, 77 Ill. 68.

A railroad company, as to carrying facilities, is not bound to provide in advance for, or anticipate, extraordinary occasions: G. & C. N. R. R. Co. v. Rae, 18 Ill. 488; C. & N. W. R. R. Co. v. Carroll, 5 Bradwell, 201; Quinn v. Ill. Cent. R. R. Co. 51 Ill. 495.

The damage must be the proximate cause of defendant's negligent act; in this case the defendant's delay in shipping the oil is but the remote cause of plaintiffs' loss; the fire was the direct cause: Morrison v. Davis, 20 Pa. St. 171; Denny v. N. Y. Cent. R. R. Co. 13 Gray, 481; Railroad Co. v. Reeves, 10 Wall. 190; Craine v. Petrie, 6 Hill, 522; Cuff v. R. R. Co. 6 Vroom, 30; Bank of Ireland v. Evans, 5 H. of L. Cas. 389; Lord's Bailiff v. Cor. Trinity House, 39 L. J. Ex. 163; T. W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572; Phillips v. Dickerson, 85 Ill. 11; Wood's Mayne on Damages, 69; Daniels v. Balentyne, 23 Ohio St. 532; R. R. Co. v. Kellogg, 94 U. S. 475; Penn. R. R. Co. v. Fries, 6 Reporter, 151; Hoag v. L. S. & M. S. R. R. Co. 85 Pa. St. 293; Waters v. Mer. Louisville Ins. Co. 12 Curtis, 406; A. T. & S. F. R. R. Co. v. Stanford, 12 Kan. 354; Nashville & C. R. R. Co. v. David, 19 Am. Rep. 594; Ryan v. N. Y. Cent. R. R. Co. 35 N. Y. 214; R. R. Co. v. Kerr, 12 P. F. Smith, 353; Scott v. Shepard, 3 Wils. 403.

A railroad company is not liable for damages occasioned by unforeseen and extraordinary calamities: Withers v. North Kent R'y Co. 27 L. J. Ex. 417; Blyth v. Birmingham Water Co. 11 Ex. 781; Saunders on Negligence, 10; Gerhard v. Bates, 2 Ell. & B. 490; Greenland v. Chaplin, 5 Ex. 248; T. W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572; Phillips v. Dickson, 85 Ill. 11.

Amendments to a declaration should not be allowed after a large part of the evidence is received: Kestler v. Raymond, 10 Ind. 200; Miles v. Van Horn, 17 Ind. 245; Hoot v. Spade, 20 Ind. 326; Blasingham v. Blasingham, 34 Ind. 86.

The amendment stated a new cause of action, and to this the Statute of Limitations was well pleaded: Connett v. Chicago, 8 Chicago Legal News, 323; Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 128; Skowhegan Bank v. Cutler, 49 Me. 315; Woodward v. Ware, 37 Me. 564; German v. Judge, 27 Mich. 139; M. C. R. R. Co. v. Judge, 35 Mich. 227; Woodbridge v. Hathaway, 45 Tex. 380; Sandford v. Scott, 51 Ala. 557; Marble v. Hinds, 67 Me. 203; Hawthorn, 57 Ind. 286; Selma R. R. Co. v. Lacey, 49 Ga. 106.

The action is in the nature of an action for a penalty, and the ordinance must be strictly construed : Whitcroft v. Vanderver, 12 Ill. 238; Cushing v. Dill, 2 Scam. 460; C. B. & Q. R. R. Co. v. Carter, 20 Ill. 390.

Receiving the goods for shipment is not a storing within the meaning of the ordinance : Ins. Co. v. Langdon, 6 Wend. 628; O'Neil v. B. F. Ins. Co. 3 Comst. 127; Hynes v. Ins. Co. 16 Barb. 119.

If the ordinance was properly subject to such a construction it would be unreasonable and void: Chicago v. Rumpff, 45 Ill. 90; City of Bloomington v. Wahl, 46 Ill. 489; Millis v. Legris, 45 Ill. 289.

The defendant could not refuse to receive this freight offered for carriage: The Nitro-glycerine Case, 15 Wall. 535; Angell on Carriers, 115; Ill. Cent. R. R. Co. v. Cobb. 64 Ill. 128.

The amount stored should have been stated positively and not under a *videlicit :* Long v. Conklin, 75 Ill. 32; Brown v. Berry, 47 Ill. 175.

An equivocal allegation is construed most strongly against the pleader : Halligan v. C. R. I. R. R. Co. 15 Ill. 558; Lemon v. Stevenson, 40 Ill. 45; Vining v. Leeman, 45 Ill. 246.

A party cannot object to the sustaining of a demurrer, if under the remaining pleadings, a full presentation of cause of action or defense may be made: Millikin v. Jones, 77 Ill. 372; Cook v. Preble, 80 Ill. 381; Meyer v. Pfeiffer, 50 Ill. 485.

Plaintiffs were negligent in not attempting sooner to save their property: Perham v. Buchanan Co. 28 Iowa, 260; Miller v. Mariner's Church, 7 Greenl. 57; Solar v. Dundas, 17 Pick. 284.

Mr. LEONARD SWETT and Mr. GEORGE BURRY, for plaintiffs in error; in reply to the petition for rehearing, contending that a violation of the ordinance was negligence, and that under any of the counts charging negligence, the ordinance and proof of its violation were admissible, cited T. W. & W. R. R. Co. v. O'Conner, 77 Ill. 391; Schmidt v. C. & N. W. R'y Co. 83 Ill. 405; C. & A. R. R. Co. v. Becker, 84 Ill. 484; C. R. I. & P. R. R. Co. v. Reidy, 66 Ill. 43; Kepperly v. Ramsden, 83 Ill. 354; St. Louis R'y Co. v. Mathias, 50 Ind. 66; Madison R. R. Co. v. Taffe, 37 Ind. 361.

The source of the danger, as distinguished from the danger itself, is of little moment to the person endangered: Reg. v. Lister, 1 Dearsley & Bell, 209.

The fact that a great fire was raging in the city, is immaterial in discussing the question of defendant's negligence: City of Richmond v. Smith, 15 Wall. 429.

Generally as to defendant's liability: Field on Damages, §10, Weick v. Lander, 75 Ill. 93; Dygert v. Schenck, 23 Wend. 446; 2 Parson's on Contracts, 456; Scott v. Shepard, 2 Black. 892; Illidge v. Goodman, 24 E. C. L. 272; Lynch v. Murdin, 41 E. C. L. 422; Greenland v. Chaplin, 5 Exch. 243; Fent v. T. P. & W. R. R. Co. 59 Ill. 349; Lane v. Atlantic Works, 107 Mass. 104; Powell v. Deveny, 3 Cush. 300; Sheridan v. Brooklyn, etc., R. R. Co. 36 N. Y. 39; Griggs v. Frankenstein, 14 Minn. 81; Chatham v. Shearon, 1 Swann, 313; Myers v. Malcolm, 6 Hill, 292; Duncan v. Thwaites, 3 B. & C. 556; Jordan v. Helwig, 1 Wils. 448; Crowder v. Tinkler, 19 Ves. 617. Hepburn v. Lordan, 2 Hem. & Miller, 345; Weirs' Appeal, 74 Pa. St. 230; Lynch v. Nurdin, Adol. & E. (N. S.) *38; T. W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572; Reese v. Henck, 14 Ill. 482; Thomas v. Winchester, 6 N. Y. 397; Vanderberg v. Truax, 4 Denio, 464; Kellogg v. C. & N. W. Ry. Co. 26 Wis. 258; Powell v. Deveny, 3 Cush. 300; McDonald v. Snelling, 14 Allen, 290: Sheridan v. Brooklyn R. R. Co. 36 N. Y. 39; McMahon v. Davidson, 12 Minn. 373; Burrows v. March Gas Co. 5 Exch. 67; Collins v. Middle Level Comr's 4 C. P. 279; Phillips v. Dickenson, 85 Ill. 12; Dubuque Wood Association v. City of Dubuque, 30 Ia. 176.

McAllister, P. J. This case was before us at the last previous term, and an opinion was concurred in by the whole court, reversing the judgment below, on the grounds that there was evidence upon the trial, tending to support all the necessary elements of the plaintiffs' cause of action; and that it was therefore erroneous for the court, by peremptory instructions, to withdraw the case from the consideration of the jury. Also, that the court below had erred in sustaining a demurrer to the tenth count of the plaintiffs' declaration. Upon petition by defendant, a rehearing was allowed; and the case has been elaborately re-argued at the present term, by counsel for both parties, and reconsidered by the court. Upon such reconsideration, the court was divided in opinion, as to the question, whether the court below erred in giving such peremptory instructions to the jury, as the case then stood, and upon the evidence introduced. But it agreed in the opinion, that the court erred in sustaining the demurrer of defendant to plaintiffs' tenth count.

In order to test the sufficiency of the matters set out in the tenth count, it will be well to consider the nature of the action on the case. " It is founded," says Chief Baron Comyns, upon a wrong. In all cases, where a man has a temporal loss or damage by the injury of another, he may have an action on the case." Com. Dig. Tit. Action on the case, A. This injury may be caused by the unlawful act of another, or from the careless and negligent manner, in which a lawful act is performed. It is not every act productive of injury to another, that lays the foundation of this action; for, says the same eminent judge, " it does not lie for a reasonable use of my right, though it may be to the annoyance of another." Com. Dig. Tit. Action upon the case for a Nuisance, C; Burroughs v. Housatonic Railway Co. 15 Conn. R. 124.

" Actions on the case are founded on the common law, or upon acts of parliament, and generally lie to recover damages for *torts* not committed with force, actual or implied." 1 Chit. Plead. 132.

To constitute a *tort*, two things must concur—actual or legal damage to the plaintiff, and a wrongful act committed by the

defendant.    Bayley, J., in Rex. v. Papham Commissioners,
etc., 8 B. C. 362; or, as observed by Hobart, Ch. J., in Waterer
v. Freeman, Hob. 266: "There must be a damage already
fallen upon the party, or inevitable; there must also be a
thing done amiss."

By *injuria* is meant a tortious act; it need not be willful and
malicious, for, though it be accidental, if it be tortious, an ac-
tion will lie. Willes, Ch. J., in Winsmore v. Greenbank,
Willes' R. 581. The only basis of recovery in this case upon
any of the counts of the declaration must, therefore, be either
that the damages to plaintiffs were the result of an unlawful
act on the part of defendant, or negligence in the performance
of a lawful act; for, however grievous the damage may be which
one man may sustain at the hands of another, yet if such dam-
age be the result of inevitable accident, or a lawful act done in
a lawful manner, without any carelessness or negligence, there
is no legal injury and no *tort* giving rise to an action for dam-
ages. These principles were recognized and applied by the
Supreme Court of the United States in the Nitro-glycerine case,
Parrott v. Wells, Fargo & Co. 15 Wallace, 524.

It can not be doubted that it is competent for the legislature
of this State to delegate to municipal corporations, like Chicago,
the power to pass ordinances; and it is well settled that such
ordinances, when within the legislative authority given, have
the force, as to all persons bound by them, of laws passed by
the legislature of the State. Dillon on Mun. Corp. 1st Ed.
Sec. 245, and cases cited in note 2.

The second clause of the ordinance set out in the said tenth
count declares: "And it shall be unlawful to keep for sale, or
on storage, any refined carbon oil, kerosene, or other products
—for illuminating purposes—of coal, rock or earth oils, ex-
cepting such refined oil as will stand a fire-test of one hundred
degrees of Fahrenheit, according to the method and directions
of John Tagliabue; and it shall not be lawful to keep " [for
sale or on storage] "any quantity of said articles exceeding one
barrel of forty-five gallons, in any part of a building, excepting
a cellar, the floor of which shall be five feet below the grade of
the adjacent streets." The first clause of that ordinance is ex-

pressly applicable to any person or persons or corporation; the clauses are connected by a copulative conjunction, and there being nothing contained in them tending to show a contrary intention, they must be construed as applying to and binding upon the defendant corporation, the same as if it were a natural person.

Although it is not averred in so many words that the defendant wrongfully, and contrary to said ordinance had and kept the prohibited articles on storage upon its premises, yet it is averred that the defendant, not regarding its duty in that behalf, nor the said ordinance, did, on, etc., have, and store in its said building large quantities, etc., then specifying the prohibited articles and quantities, so as to bring the act within the prohibition of such ordinance. These averments, we must hold as sufficient to show that the act of having such articles in store upon the defendant's premises at the time in question was unlawful. The act being unlawful, the count then showing with reasonable certainty that plaintiffs sustained actual damage as a proximate result of such unlawful act, cannot be regarded otherwise than as stating a cause of action within the rules of law, above laid down. The court below, therefore, erred in sustaining the defendants' demurrer to it, for which reason the judgment must be reversed, and the cause remanded for further proceedings.

Reversed and remanded.